IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AHMAD S. LINTON, # 33309-037 | * | |
| | * | Civil Action No. JKB-14-1957 |
| Petitioner | * | Criminal Action No. JKB-98-258 |
| | * | |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | * | |
| Respondent | * | |
| *** | | |

## MEMORANDUM

Pending is Ahmad S. Linton's ("Linton") third motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. (ECF No. 412). Linton provides no evidence the motion has been certified by the United States Court of Appeals for the Fourth Circuit, and the motion will be denied and dismissed without prejudice.

## BACKGROUND

Linton was convicted after a jury trial of conspiracy to distribute cocaine and conspiracy to commit murder in aid of racketeering and sentenced to life imprisonment. The judgment was affirmed on direct appeal. *See United States v. Linton*, 62 F. App'x 352 (4th Cir. 2003). His petition for certiorari to the United States Supreme Court was denied. *See Linton v. United States*, 540 U.S. 930 (2003).

On June 29, 2005, this court denied Linton's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The United States Court of Appeals for the Fourth Circuit dismissed his appeal on June 24, 2009. *See United States v. Linton*, No. 09-6389 (4th Cir. 2009).

On January 30, 2013, Linton filed a second motion to vacate. (ECF No. 397). This court dismissed his second § 2255 motion without prejudice for failure to first obtain

certification by a panel of the Fourth Circuit as is required under 28 U.S.C. § 2244. *See* Civil Action No. JKB-13-323 (D. Md. 2013). The United States Court of Appeals for the Fourth Circuit denied Linton's request for a certificate of appealability from that determination. (ECF No. 403).

## DISCUSSION

In the instant petition, Linton moves to "reopen" his original § 2255 proceeding under 28 U.S.C. § 2255(f)(3) and "Rule 60(d),"[1] in light of newly recognized law. (ECF No. 412). Linton, who is self-represented, appears to argue his third § 2255 motion is predicated on new rights announced in *Allyene v. United States*, 133. S. Ct. 2151 (2013), *Peugh v. United States*, 133 S. Ct. 2072 (2013), *Rosemond v. United States*, 134 S. Ct. 1240 (2014), and *Burrage v. United States*, 134 S. Ct. 881 (2014). His position is unavailing. Federal district courts lack jurisdiction to consider second or successive motions filed under 28 U.S.C. § 2255 unless the motion has been certified in advance by a panel of the appropriate circuit court of appeals *and* found to contain newly discovered evidence bearing on the innocence of the movant, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h) (emphasis added). Linton neither provides evidence he has obtained such pre-filing authorization nor explains how these decisions apply to or were made retroactive to his case.

Linton's challenge under Federal Rule of Civil Procedure 60(d)(1) fares no better. As stated by the Supreme Court in *United States v. Beggerly*, 524 U.S. 38, 47 (1998), "under [Rule 60(d)], an independent action should be available only to prevent a grave miscarriage of justice." Linton sets forth no facts to suggest a grave miscarriage of justice. He has had the opportunity to

---

[1] The court will assume the pro se petitioner is relying on Rule 60(d) of the Federal Rules of Civil Procedure.

and has pursued his right to appeal his conviction on direct appeal and collateral review. As stated by the United States Court of Appeals for the Fourth Circuit in *United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003), "district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" 340 F.3d at 206. The same reasoning applies to Linton's Rule 60(d) motion.

In *Winestock*, the Fourth Circuit stated:

> Our holding raises the question of how to distinguish a proper Rule 60(b) motion from a "successive [application] in 60(b)'s clothing." There may be no infallible test for making this distinction, but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (citations omitted). Clearly, Linton's motion is a successive § 2255 motion filed under the guise of a Rule 60(d) motion. It may not be considered here unless he has obtained pre-filing certification under 28 U.S.C. § 2255(h).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the court declines to issue a certificate of appealability because Linton has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

## CONCLUSION

For these reasons, the court will deny and dismiss the motion to vacate without prejudice by separate order. A certificate of appealability shall not issue.

June 27, 2014
Date

James K. Bredar
United States District Judge